

**FILED**

MAY 0 7 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLAYTON RUSSELL,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-19-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Clayton Russell's application for writ of habeas corpus under 28 U.S.C. § 2254. Russell is a state prisoner proceeding pro se.

On March 13, 2018, following a review of Russell's filings, this Court determined Russell needed to provide additional information related to the nature of his claims and the factual basis underlying them. (Doc. 3 at 1). Russell was instructed what type of supplemental information the Court was seeking and was provided with an Amended Petition form to complete. *Id.* at 1-2. Russell was also advised that he would need to complete the Court's standard application to proceed in forma pauperis. *Id.* at 2. Russell was given until April 28, 2018, to complete and file the forms. *Id.* To date, Russell has failed to comply with this Court's show cause order of March 13, 2018, by filing an amended petition, requesting an

1

extension of time to do so, or otherwise responding.

### i. Motion to proceed in forma pauperis

Because there is no reason to delay this matter further, this Court will construe Russell's "Motion to Waive Filing Fee" as a motion to proceed in forma pauperis. Russell's motion (Doc. 2) will be GRANTED.

### ii. 28 U.S.C. § 2254 petition

This action should be dismissed based upon Russell's failure to comply with the Court's order and/or for failure to prosecute. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962); *Pagtalunan v. Galaza*, 291 F. 3d 641-45 (9th Cir. 2002).

In reaching this determination, the Court has weighed the relevant factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F. 2d 1439 (9th Cir. 1988); *see also Pagtalunan*, 291 F. 3d at 642.

### iii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

2

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Russell attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right. Further, Russell has not complied with this Court's order to explain or clarify his claims. No reasonable jurist would suggest the Court go forward with the case without Russell's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### ORDER

Russell's Motion to Waive Filing Fee/proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Russell's Petition (Doc. 2) should be DISMISSED without prejudice for failure to comply with the Court's March 13, 2018 order and/or for failure to prosecute. The Clerk of Court should be directed to enter a judgment of dismissal.

2. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Russell may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Russell must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under the appropriate cause number. Failure to do so may result in dismissal of his petition without notice to him.

DATED this 7th day of May, 2018.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Russell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.